FILED

2009 SEP 29  PM 3: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  GREENBERG TRAURIG, LLP
   VINCENT H. CHIEFFO (SBN 49069)
2  E-Mail: *ChieffoV@gtlaw.com*
   NINA D. BOYAJIAN (SBN 246415)
3  E-Mail: *Boyajiann@gtlaw.com*
   2450 Colorado Avenue, Suite 400E
4  Santa Monica, CA 90404-5524
   Telephone: 310-586-7700
5  Facsimile: 310-586-7800

6

7  Attorneys for Plaintiffs John G. Branca and
   John McClain, Special Administrators of the Estate of
8  Michael J. Jackson; Triumph International, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                 WESTERN DIVISION

12  JOHN G. BRANCA, Special            CASE NO.  CV09  07084  MMM PLAx
    Administrator of the Estate of Michael
13  J. Jackson; JOHN MCCLAIN, Special
    Administrator of the Estate of Michael   COMPLAINT FOR:
14  J. Jackson; TRIUMPH
    INTERNATIONAL, INC., a California   (1) **TRADEMARK INFRINGEMENT**
15  corporation,                            **UNDER 15 U.S.C. § 1114(1);**
                                        (2) **UNFAIR COMPETITION AND**
16                                          **FALSE DESIGNATION OF ORIGIN,**
17                Plaintiffs,               **15 U.S.C. § 1125(a);**
                                        (3) **TRADEMARK INFRINGEMENT**
18       vs.                                **AND UNFAIR COMPETITION**
                                            **UNDER CALIFORNIA COMMON**
19                                          **LAW;**
    HEAL THE WORLD FOUNDATION,        (4) **VIOLATION OF THE RIGHT OF**
20  a California corporation; UNITED       **PUBLICITY, CAL. CIV. CODE §**
    FLEET, a California corporation; and   **3344.1;**
21  DOES 1-10, inclusive,              (5) **CANCELLATION OF REGISTERED**
22                                          **TRADEMARKS (HEAL THE**
                Defendants.                 **WORLD, HEAL THE WORLD**
23                                          **FOUNDATION, HTWF);**
                                        (6) **CANCELLATION OF REGISTERED**
24                                          **TRADEMARKS (MJ); AND**
                                        (7) **VIOLATIONS OF THE ANTI-**
25                                          **CYBERSQUATTING CONSUMER**
26                                          **PROTECTION ACT, 15 U.S.C. §**
                                            **1125(d)**
27

28

128,396,011 v5

For their COMPLAINT herein, Plaintiffs allege:

## JURISDICTION AND VENUE

1.     This is an action for trademark infringement,  unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, (the "Lanham Act"); for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"); and for trademark infringement, unfair competition, and violation of the right of publicity under the laws of the State of California.

2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338; 15 U.S.C. § 1114; 15 U.S.C. § 1125(a) and (d); and 15 U.S.C. §§ 1116 and 1121.  This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for trademark infringement, unfair competition, and violation of the right of publicity under the laws of the State of California.

3.     This Court has personal jurisdiction over Defendants in that they do business and/or reside in the State of California.

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that the Defendants are entities subject to personal jurisdiction in this judicial district.

## THE PARTIES

5.     Plaintiffs John G. Branca and John McClain are the duly appointed Special Co-Administrators of the Estate of Michael J. Jackson ("Estate"), now deceased.  The Special Administrators of the Estate are authorized, pursuant to the Letters of Special Administration issued by the Los Angeles County Superior Court, LASC Case No. BP117321, to "register and take actions with respect to statutory rights of publicity."  A true and correct copy of the Letters of Special Administration and the Order of Probate are attached hereto and incorporated herein as Exhibit A.  The Estate has also owned Michael Jackson's Right of Publicity since July 15, 2009, and has properly registered its ownership with the California Secretary of State.  A true and correct copy of a letter

1

1  from the California Secretary of State is attached hereto and incorporated herein as

2  Exhibit B.

3       6.     Plaintiff, Triumph International, Inc. ("Triumph") is a corporation,

4  organized and existing under the laws of the State of California and this judicial district,

5  having addresses and/or conducting and transacting business at the address 1801

6  Century Park West, Los Angeles, California 90067.  Triumph was wholly owned by

7  Mr. Jackson and is now wholly owned by the Estate.  Mr. Branca is the President and

8  CEO and Mr. McClain is the Secretary and CFO.  The sole directors of Triumph are

9  Mr. Branca and Mr. McClain.

10       7.     Upon information and belief, Defendant Heal the World Foundation

11  ("HTWF") is a corporation, organized and existing under the laws of the State of

12  California and this judicial district, having addresses and/or conducting and transacting

13  business at the addresses 41605 Goodrich St., Indio, California 92203 and 44489 Town

14  Center Way, Suite 542, Palm Desert, California 92260.  HTWF was formed on March

15  13, 2008.  A true and correct copy of the Articles of Incorporation for HTWF is

16  attached hereto and incorporated herein as Exhibit C.  A true and correct copy of the

17  Restated Articles of Incorporation of HTWF is attached hereto and incorporated herein

18  as Exhibit D.

19       8.     Upon information and belief, Melissa Johnson is president of HTWF; Mel

20  Wilson is vice president of HTWF; and Sandhya Deepak is vice president of HTWF.

21       9.     Upon information and belief, Defendant United Fleet ("United Fleet") is a

22  corporation, organized and existing under the laws of the State of California and this

23  judicial district, having an address and/or conducting and transacting business at the

24  address 41605 Goodrich St., Indio, California 92203.  United Fleet was formed on June

25  25, 2008.  A true and correct copy of the Articles of Incorporation for United Fleet is

26  attached hereto and incorporated herein as Exhibit E.

27       10.    Melissa Johnson, president of HTWF, is HTWF's registered agent for

28  service of process.

128,396,011 v5

11.    Melissa Johnson is also United Fleet's registered agent for service of process.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiffs, which sues said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave of Court to amend this complaint to state their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and on that basis aver that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth. The parties identified in paragraphs 7, 9 and 12 are hereinafter collectively referred to as "Defendants."

13.    Upon information and belief, each Defendant is, and at all times mentioned herein was, an agent, employee, principal and/or co-venturer of the other Defendants herein; that each Defendant acted within the course and scope and authority of said relationships; and that as a result, Defendants are jointly and severally liable for the acts alleged herein.

**MICHAEL JACKSON AND HIS HEAL THE WORLD FOUNDATION**

14.    Michael Jackson was one of the most commercially successful entertainers of all time prior to his untimely death on June 25, 2009. After making his debut as a member of The Jackson 5, he embarked on a highly successful solo career that continued for over three and a half decades. His 1982 album "Thriller" remains the best-selling album of all time, and his subsequent albums have similarly been successful.

15.    As a result of his talent and remarkable success, Mr. Jackson came to be known as the "King of Pop." Mr. Jackson acquired this nickname when actress and friend Elizabeth Taylor presented Mr. Jackson with an "Artist of the Decade" award at the 1989 Soul Train Awards, proclaiming him "the true king of pop, rock and soul". Since that time, major media outlets and Mr. Jackson himself have marketed

3

1  Mr. Jackson as the "King of Pop." In 2008, in celebration of Mr. Jackson's 50th
2  birthday, a compilation album, entitled "King of Pop" was released. Currently the
3  album has reached the top ten in the majority of countries in which it was released.

4       16.    In addition to his success as a musician and performer, Mr. Jackson was
5  also a notable philanthropist and humanitarian who donated and raised million of
6  dollars through the support of dozens of charities and his own Heal the World
7  Foundation ("Jackson's Foundation").

8       17.    Mr. Jackson founded the Heal the World Foundation in 1992, naming it
9  after his hit song, "Heal the World," which he both wrote and composed. The song
10  reached #2 in the UK Singles Chart in December 1992, and reached #27 on the
11  Billboard Hot 100. In a 2001 Internet chat with fans, Jackson said "Heal the World" is
12  the song he is most proud to have created. The song was so identified with Mr. Jackson
13  that it was performed as the closing to Mr. Jackson's memorial service at the Staples
14  Center in Los Angeles on July 7, 2009. An ensemble of performers, including members
15  of Mr. Jackson's family, paid tribute to Mr. Jackson by singing this song. Mr.
16  Jackson's memorial service was viewed live by millions around the world, and millions
17  more have since watched the memorial service, including the performance of "Heal the
18  World."

19       18.    The purpose of Jackson's Foundation was to provide medicine to children
20  and fight world hunger, homelessness, child exploitation and abuse.

21       19.    Mr. Jackson raised millions of dollars for his Heal the World Foundation
22  by aggressively publicizing the Jackson's Foundation and its goals. For example, all
23  profits from "The Dangerous World Tour," during which Mr. Jackson performed
24  concerts for millions of people around the world, were donated to Jackson's
25  Foundation.

26       20.    Mr. Jackson also performed his song "Heal the World" during the halftime
27  show at the Super Bowl XXVII, one of the most viewed events on television.
28  Mr. Jackson donated his entire fee to his charity, with the NFL also donating $100,000

128,396,011 v5

1  and a 30-second advertisement requesting contributions. Jackson's Foundation also

2  raised money so that children may visit Mr. Jackson's Neverland Ranch, which Mr.

3  Jackson owned from 1988 through 2005. Other efforts by Mr. Jackson to raise

4  awareness and funds for Jackson's Foundation are numerous and well-publicized.

5      21.    While Jackson's Foundation is no longer active, as a result of its

6  worldwide success in raising awareness and money for children's causes, "Heal the

7  World" is a phrase that continues to invoke Mr. Jackson, Mr. Jackson's Heal the World

8  charity, song, and commitment to improving the lives of children around the world.

## MICHAEL JACKSON'S TRADEMARK
## REGISTRATIONS AND APPLICATIONS

11      22.    Jackson's Foundation, a non-profit corporation, registered the word mark

12  HEAL THE WORLD, and its associated design, a child's hands holding a globe with a

13  band-aid on it (the "Logo"), on October 25, 1994 and September 19, 1995, U.S.

14  Trademark Registration Nos. 1,860,559 and 1,920,720, respectively. In addition, the

15  typed drawing HEAL THE WORLD, was registered on February 8, 1994, U.S.

16  Trademark Registration No. 1,820,329. True and correct copies of the U.S. Patent and

17  Trademark Office Certificate of Registration Nos. 1,860,559, 1,920,720 and 1,820,329

18  are attached hereto and incorporated herein as Exhibit F. Despite the fact that these

19  trademark registrations were cancelled in 2001 and 2002, as a result of the success of

20  the "Heal the World" song, and the extent to which the works of Jackson's Foundation

21  were well-known and publicized throughout the world, HEAL THE WORLD and its

22  Logo, continue to be connected to Mr. Jackson.

23      23.    Plaintiff Triumph is the owner of the registered mark MICHAEL

24  JACKSON, U.S. Trademark Registration No. 1,908,209, registered on August 1, 1995.

25  A true and correct copy of the U.S. Patent and Trademark Office Certificate is attached

26  hereto and incorporated herein as Exhibit G. In addition, Triumph is the owner of U.S.

27  Trademark Application Serial Nos. 77,806,358; 77,806,355; 77,806,351; and

28  77,806,349 for the standard character mark MICHAEL JACKSON. True and correct

1 copies of the foregoing applications are attached hereto and incorporated herein as

2 Exhibit H.  Triumph is also the owner of U.S. Trademark Application Serial Nos.

3 77,806,397; 77,806,395; 77,806,393; and 77,806,392, for word mark MICHAEL

4 JACKSON, plus a design (a signature).  True and correct copies of the foregoing

5 applications are attached hereto and incorporated herein as Exhibit I.

6    24.    Plaintiff Triumph is also the owner of U.S. Trademark Application Serial

7 Nos. 77,806,377; 77,806,362; 77,806,361 and 77,806,360 for the standard character

8 mark KING OF POP, a name commonly connected with Mr. Jackson.  True and correct

9 copies of the foregoing applications are attached hereto and incorporated herein as

10 Exhibit J.

11    25.    Triumph is further the owner of U.S. Trademark Application Serial Nos.

12 77,811,345; 77,811,342; 77,811,340; and 77,811,338 for the standard character mark

13 NEVERLAND VALLEY RANCH, in reference to Mr. Jackson's former home.  True

14 and correct copies of the foregoing applications are attached hereto and incorporated

15 herein as Exhibit K.

16    26.    Triumph is also the owner of U.S. Trademark Application Serial Nos.

17 77,811,337; 77,811,334; 77,811,329; and 77,811,328 for the standard character mark

18 NEVERLAND RANCH.  True and correct copies of the foregoing applications are

19 attached hereto and incorporated herein as Exhibit L.

20    27.    Plaintiff Triumph is also the owner of U.S. Trademark Application Serial

21 Nos. 77,480,301 and 77,480,413 for the mark THRILLER 25 THE WORLD'S

22 BIGGEST SELLING ALBUM OF ALL TIME, plus a design.  True and correct copies

23 of the foregoing applications are attached hereto and incorporated herein as Exhibit M.

24    28.    Finally, Triumph is the owner of U.S. Trademark Application Serial Nos.

25 77,806,913; 77,806,908; 77,806,905; and 77,806,901 for the standard character mark

26 MJ, Mr. Jackson's initials.  True and correct copies of the foregoing applications are

27 attached hereto and incorporated herein as Exhibit N.

28

29.    All of the registered marks identified in paragraphs 22 through 28 are collectively referred to herein as the "MJJ Trademarks."

30.    The MJJ Trademarks are associated exclusively with Plaintiffs, and as a result of sales, marketing, the media and the general public's interest in Mr. Jackson, these marks have become well-known in the United States as identifying and referring to Plaintiffs.  Consequently, the MJJ Trademarks have developed substantial recognition among the consuming public for their connection with Plaintiffs and Mr. Jackson's charitable works and have acquired and enjoy a valuable reputation and significant goodwill.

31.    The MJJ Trademarks are famous not only within the United States, but throughout the world entitling them to the greater protection afforded marks of such international distinction under both United States law and international treaties, such as the Paris Convention and the TRIPS Agreement both of which were entered into by the United States.

## DEFENDANTS' CONDUCT

32.    From at least February 2008, Defendants have been and are currently conducting business at and out of the locations 41605 Goodrich St., Indio, California 92203 and/or 44489 Town Center Way, Suite 542, Palm Desert, California 92260. Defendants have created an "organization" that purports to carry on the work of Jackson's Foundation and make numerous false representations regarding their affiliation with Mr. Jackson and his charity.  Attached hereto and incorporated herein as Exhibit O are screenshots from Defendants' websites.

33.    Defendant HTWF has registered 6 trademarks and filed 41 trademark applications for marks connected to Mr. Jackson, many of which are identical or confusingly similar to the MJJ Trademarks.  The registered and applied-for marks also falsely suggest a connection between Defendant and Plaintiffs, and violate Mr. Jackson's right of publicity.  Each of these trademarks was registered and/or

7

applied for without Plaintiffs' or Mr. Jackson's consent. A chart summarizing these trademarks is attached hereto and incorporated herein as Exhibit P.

34.    Defendant HTWF has registered the following trademarks referencing Mr. Jackson's charity's name, Heal the World Foundation:

- U.S. Trademark Registration No. 3,511,658, registered on October 7, 2008 for the standard character mark HEAL THE WORLD FOUNDATION;

- U.S. Trademark Registration No. 3,515,854, registered on October 14, 2008 for the standard character mark HEAL THE WORLD FOUNDATION;

- U.S. Trademark Registration No. 3,564,618, registered on January 20, 2009 for the standard character mark HEAL THE WORLD;

- U.S. Trademark Registration No. 3,508,540, registered on September 20, 2008 for the standard character mark HEAL THE WORLD; and

- U.S. Trademark Registration No. 3,508,542, registered on September 30, 2008 for the standard character mark HTWF. True and correct copies of the U.S. Patent and Trademark Office Certificate of Registrations for the foregoing registrations are attached hereto and incorporated herein as Exhibit Q.

35.    Defendant HTWF has also filed the following applications with the U.S. Patent and Trademark Office, also using the name of Mr. Jackson's charity:

- U.S. Trademark Application Serial No. 77,784,571, filed on July 20, 2009 for the word mark HEAL THE WORLD, plus a design, a child's hands holding a globe;

- U.S. Trademark Application Serial No. 77,503,630, filed on June 19, 2008 for the standard character mark HEAL THE WORLD;

- U.S. Trademark Application Serial No. 77,643,005, filed on January 4, 2009, for the standard character mark HEAL THE WORLD;

- U.S. Trademark Application Serial No. 77,410,532, filed on March 1, 2008, for the standard character mark HEAL THE WORLD;

- U.S. Trademark Application Serial No. 77,503,630, filed on June 19, 2008 for the standard character mark HEAL THE WORLD;

- U.S. Trademark Application Serial No. 77,657,994, filed on January 28, 2009, for the standard character mark HEAL THE WORLD; and

- U.S. Trademark Application Serial No. 77,786,633, filed on July 22, 2009, for the word mark MICHAEL JACKSON'S HEAL THE WORLD FOUNDATION, plus a design, a child's hands holding a globe with a band-aid on it--the exact same design associated with Mr. Jackson's Foundation.  True and correct copies of the application records from the United States Patent and Trademark Office website for the foregoing applications are attached hereto and incorporated herein as Exhibit R.

36.    Defendant HTWF further registered the standard character mark MJ, Mr. Jackson's initials, with the U.S. Patent and Trademark Office, U.S. Trademark Registration No. 3,567,671 on January 27, 2009.  A true and correct copy of U.S. Trademark Registration No. 3,567,671 is attached hereto and incorporated herein as Exhibit S.

37.    Defendant HTWF also filed numerous trademark applications for marks that uniquely and unmistakably point to Mr. Jackson and his persona.  Most of these were filed immediately following Mr. Jackson's death in the hopes of exploiting the deceased artist's name and life and suggesting a connection with Mr. Jackson.  The following applications refer or relate to Mr. Jackson:

9

1    • U.S. Trademark Application Serial No. 77,800,279, filed on
2    August 8, 2009 for the standard character mark MAKE THAT
3    CHANGE, a phrase connected to Mr. Jackson and his hit song
4    "Man in the Mirror";

5    • U.S. Trademark Application Serial No. 77,789,656, filed on July
6    25, 2009 for the standard character mark MAKE THAT
7    CHANGE;

8    • U.S. Trademark Application Serial No. 77,805,384, filed on
9    August 14, 2009 for the standard character mark KING OF POP;

10   • U.S. Trademark Application Serial No. 77,800,273, filed on
11   August 8, 2009 for the standard character mark GONE TOO
12   SOON;

13   • U.S. Trademark Application Serial No. 77,795,154, filed on
14   August 3, 2009 for the standard character mark THRILLER;

15   • U.S. Trademark Application Serial No. 77,800,275, filed on
16   August 8, 2009 for the standard character mark THRILLER;

17   • U.S. Trademark Application Serial No. 77,795,094, filed on
18   August 2, 2009 for the standard character mark NEVERLAND;

19   • U.S. Trademark Application Serial No. 77,773,906, filed on July
20   2, 2009 for the standard character mark MICHAEL;

21   • U.S. Trademark Application Serial No. 77,781,986 filed on July
22   15, 2009 for the standard character mark MICHAEL;

23   • U.S. Trademark Application Serial No. 77,784,293, filed on July
24   18, 2009 for the standard character mark MICHAEL;

25   • U.S. Trademark Application Serial No. 77,800,167, filed on
26   August 7, 2009 for the standard character mark MICHAEL;

27   • U.S. Trademark Application Serial No. 77,800,165, filed on
28   August 7, 2009 for the standard character mark MICHAEL;

- U.S. Trademark Application Serial No. 77,515,451, filed on July 7, 2008 for the standard character mark MJ;
- U.S. Trademark Application Serial No. 77,779,048, filed on July 11, 2009 for the standard character mark MJ;
- U.S. Trademark Application Serial No. 77,778,977, filed on July 11, 2009 for the standard character mark MJ;
- U.S. Trademark Application Serial No. 77,800,152, filed on August 7, 2009 for the standard character mark MJ;
- U.S. Trademark Application Serial No. 77,800,141, filed on August 7, 2009 for the standard character mark MJ;
- U.S. Trademark Application Serial No. 77,773,957, filed on July 2, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,774,275, filed on July 3, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,774,279, filed on July 4, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,775,180, filed on July 6, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,775,174, filed on July 6, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,774,291, filed on July 4, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,784,350, filed on July 19, 2009 for the standard character mark MICHAEL JACKSON;
- U.S. Trademark Application Serial No. 77,789,658, filed on July 25, 2009 for the standard character mark MICHAEL JACKSON;

128,396,011 v5

- U.S. Trademark Application Serial No. 77,794,935, filed on August 1, 2009 for the standard character mark MICHAEL JACKSON; and

- U.S. Trademark Application Serial No. 77,800,408, filed on August 9, 2009 for the standard character mark MICHAEL JACKSON. True and correct copies of the application records from the United States Patent and Trademark Office website for the foregoing applications are attached hereto and incorporated herein as Exhibit T.

38.    All of the registered and applied-for marks identified in paragraphs 34 through 37 are collectively referred to herein as the "Infringing Trademarks."

39.    Despite being placed on notice that their conduct was infringing Plaintiffs' rights, Defendant HTWF continued to unlawfully use and apply to register the Infringing Trademarks.

40.    In addition, Defendant HTWF has registered several domain names connected to Mr. Jackson and/or Jackson's Foundation. These websites are: <healtheworld.us>, <healtheworldfoundation.net>, <mjaid.com>, and <mjquotes.com>. Defendant's use of the trademarks HEAL THE WORLD, HEAL THE WORLD FOUNDATION, MICHAEL JACKSON, and MJ can be seen on Defendant's <healtheworld.us>, <healtheworldfoundation.net>, <mjaid.com>, and <mjquotes.com> websites. True and correct copies of screenshots from Defendant's websites showing the use of the MJJ Trademarks are attached hereto and incorporated herein as Exhibit U.

41.    Defendants sell merchandise bearing many of the Infringing Trademarks, including HEAL THE WORLD, MJ, MICHAEL JACKSON, MAKE THAT CHANGE, MICHAEL, and the Logo. True and correct copies of screenshots from Defendants' websites showing the use of these Infringing Trademarks on merchandise are attached hereto and incorporated herein as Exhibit V.

128,396,011 v5

42.    Defendants' acts of infringement and unfair competition have been committed with the intent to cause confusion, mistake, and to deceive.  The intent to deceive is obvious from the marks Defendants have chosen to register/apply for, but becomes truly egregious when taken together with statements made by representatives of Defendants.  For example, two days after Mr. Jackson's death, Melissa Johnson, president of HTWF and registered agent for both Defendants, posted a message on the internet where she claims that she has "been helping to develop the initiatives of HTWF and doing its work since 1993."  She also writes:

> It is unclear if the Jackson Family will want to continue his charity work and his humanitarian legacy and in what manner.  The staff at HTWF only ask that the public be patient with us and allow the family time to grieve as we wait for the direction they would have us go....we must all be respectful and wait for the family to come up for air, before and IF we can move forward on Mr. Jackson's behalf.

43.    Of course, Ms. Johnson has no more of a relationship with the "Jackson Family" than Defendant HTWF has with Mr. Jackson.  A true and correct copy of Ms. Johnson's internet posting is attached hereto and incorporated herein as Exhibit W.

44.    Unfortunately, Defendants have succeeded in their efforts to confuse and deceive.  For example, when one of the largest toy manufacturers wished to obtain a license to produce and distribute toys bearing Mr. Jackson's trademarks, signature, image and likeness, this toy manufacturer approached Defendant, HTWF, rather than Plaintiffs, as a result of Defendant's registration, application and use of the Infringing Trademarks.

45.    Most unfortunate of all, however, is the extent to which consumers and the public at large, including fans of Mr. Jackson, have been confused by the existence of Defendant's HTWF and the other Infringing Trademarks.  There have been lengthy discussions on internet forums regarding the legitimacy of Defendant HTWF and whether it is related to Mr. Jackson and Jackson's Foundation.  Some of the postings confirm that many donated money to Defendant's HTWF, believing it to be

1  Mr. Jackson's charity. A true and correct copy of a selection of internet postings

2  evidencing actual confusion is attached hereto and incorporated herein as Exhibit X.

3  Plainly, it is Defendants' intent to solicit and collect money from the public who, as a

4  result of Defendants' misleading conduct, erroneously believe that they are making

5  charitable donations to a charity sponsored by Mr. Jackson.

## COUNT ONE

## INFRINGEMENT OF REGISTERED TRADEMARK UNDER

## 15 U.S.C. § 1114(1)

**(Plaintiff Triumph against Defendant United Fleet)**

10      46.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 45 of

11  this Complaint as if fully set forth herein.

12      47.     Defendant United Fleet is infringing Triumph's federally-registered

13  MICHAEL JACKSON mark by selling MICHAEL JACKSON-branded merchandise

14  in interstate commerce as shown in Exhibit Y.

15      48.     United Fleet's unauthorized use of the MICHAEL JACKSON mark in

16  interstate commerce constitutes a willful and knowing attempt to trade on the goodwill

17  that Triumph owns and has developed in the MICHAEL JACKSON mark, and has

18  diminished the value of Triumph's MICHAEL JACKSON mark, all to the damage of

19  Plaintiffs.

20      49.     United Fleet's unauthorized use of the MICHAEL JACKSON mark in

21  interstate commerce is likely to cause confusion, or to cause mistake, or to deceive the

22  purchasing public and others, leading them to mistakenly believe that Defendant is

23  affiliated with, related to, sponsored by, or connected with Plaintiffs, in violation of 15

24  U.S.C. § 1114(1), a result fully intended by Defendant.

25      50.     Defendant United Fleet has caused, and, unless restrained and enjoined by

26  this Court, will continue to cause irreparable harm, damage, and injury to Plaintiffs.

27      51.     Plaintiffs have no adequate remedy at law.

28

14

## COUNT TWO

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### (Plaintiff Triumph against Defendants HTWF and United Fleet)

52.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.    Defendant HTWF purports to be a charity serving the same purposes as Jackson's Foundation, and, as such, Defendant's use of the name "Heal the World Foundation" is likely to cause confusion to the general purchasing public.

54.    United Fleet also uses the phrase "Heal the World" in order to sell its unauthorized products.

55.    By misappropriating and using the MJJ Trademarks, Defendants HTWF and United Fleet misrepresent and falsely describe to the general pubic the origin and source of their merchandise and services and create a likelihood of confusion as to both the source of the goods and sponsorship of their organization.

56.    Defendants' unlawful, unauthorized and unlicensed use of the MJJ Trademarks creates express and implied misrepresentations that their Heal the World Foundation and associated merchandise was created, authorized or approved by Plaintiffs, all to Defendants' profit and Plaintiffs' great damage and injury.  For example, as a result of Defendants' deception, the public has been confused and harmed by making donations to Defendant's HTWF, believing it to be Jackson's Foundation.

57.    Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of MJJ Trademarks, in connection with its goods and services in interstate commerce constitutes a false designation of origin and unfair competition.

58.    Plaintiffs are without an adequate remedy at law and if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

15

## COUNT THREE

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW

### (Plaintiff Triumph against all Defendants)

59.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.    Defendants are using in interstate commerce some or all of the Infringing Trademarks.

61.    Plaintiffs have acquired common-law rights in the HEAL THE WORLD mark through their use of the mark for nearly a decade, from approximately 1992 through 2002, in connection with charitable fundraising.  The HEAL THE WORLD mark has a secondary meaning in the charitable community and is connected to Plaintiffs.  Defendants' subsequent use of the mark HEAL THE WORLD and confusingly-similar derivatives such as HEAL THE WORLD FOUNDATION and HTWF are likely to cause confusion, deception, and mistake among the consuming public as to the source of and authorization for the products and/or services sold by Defendants in violation of the common law of the State of California.

62.    Plaintiffs have acquired common-law rights in the design of a child's hands holding a globe with a band-aid on it (the "Logo") through their use of the mark in connection with charitable fundraising.  The Logo has a secondary meaning in the charitable community and is connected to Plaintiffs.  Defendants' subsequent use of the Logo is likely to cause confusion, deception, and mistake among the consuming public as to the source of and authorization for the products and/or services sold by Defendants in violation of the common law of the State of California.

63.    Plaintiffs have acquired common-law rights in the MICHAEL JACKSON mark through their use of the mark in interstate commerce in connection with sound recordings, entertainment services, and other merchandise.  Defendants' subsequent use of the mark MICHAEL JACKSON, and confusingly-similar derivatives such as

128,396,011 v5

MJ and MICHAEL, are likely to cause confusion, deception, and mistake among the consuming public as to the source of and authorization for the products and/or services sold by Defendants in violation of the common law of the State of California.

64.    Defendants' acts as alleged herein were committed with the intent to deceive the public into believing that Defendant Heal the World Foundation and the products it and Defendant United Fleet sell using the Infringing Trademarks are made by, approved by, sponsored by or affiliated with Mr. Jackson and/or Triumph. Defendants' acts were committed with the intent to pass off and palm off Defendants' goods and services as those of Plaintiffs, and with the intent to deceive and defraud the public.

65.    Plaintiffs have built up valuable goodwill in the MJJ Trademarks.

66.    With full knowledge of the fame of the MJJ Trademarks, Defendants have traded, and continue to trade, on the goodwill associated with the MJJ Trademarks, and mislead the public into assuming a connection between Defendants (and the unauthorized products bearing the MJJ Trademarks) and Plaintiffs and Jackson's Foundation.

67.    Defendants' acts of trademark infringement cause confusion and, mislead and deceive the public as to the source of Defendants' merchandise and services, permit Defendants to pass off their products as relating to Plaintiffs and falsely suggest a connection between the Defendants and Plaintiffs and, unless restrained by this Court, will continue to do so, in violation of the common law of the State of California, and to the detriment of Plaintiffs and the unjust enrichment of Defendants.

68.    Defendants' unauthorized use of any of the Infringing Trademarks constitutes unfair competition and passing off under the common law of the State of California.

69.    Plaintiffs are without an adequate remedy at law and if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

128,396,011 v5

## COUNT FOUR

## VIOLATION OF THE STATUTORY AND

## COMMON LAW RIGHT OF PUBLICITY

### (Plaintiff Estate against all Defendants)

70.    Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.    By registering and applying to register the Infringing Marks, using the Infringing Marks, selling and offering to sell merchandise which includes the Infringing Marks, and by using the name and image of Mr. Jackson knowingly and without the Estate's prior consent, Defendants violated the Estate's worldwide exclusive rights to Mr. Jackson's name and likeness in violation of California Civil Code § 3344.1 and the California common law.

72.    Defendants' misappropriation of the Estate's rights was for the commercial purpose of raising money through their Heal the World Foundation and by selling merchandise using Mr. Jackson's name, after unlawfully fabricating a relationship between Mr. Jackson and their organization.

73.    As a proximate result of the above-described misappropriation of the Estate's exclusive rights, Defendants have deprived the Estate of the revenue it otherwise would have received from the use of Mr. Jackson's name and image.

74.    The above-mentioned acts were done in an intentional, willful, malicious, and oppressive manner in conscious disregard of the Estate's rights.

75.    Defendants continue to, and unless restrained, will continue to, use Mr. Jackson's name and image.  Damages cannot provide full or adequate relief because they cannot completely compensate for the injury to the Estate and Jackson's Foundation's reputation and goodwill.

76.    The Estate is therefore entitled to preliminary and permanent injunctive relief enjoining Defendants from further exploitation of Mr. Jackson's name and image.

128,396,011 v5

1    77.    Pursuant to California Civil Code Section 3344.1(a), the Estate is also
2  entitled to its attorneys' fees and costs.

## COUNT FIVE

### CANCELLATION OF REGISTERED TRADEMARKS BASED ON FALSE
### SUGGESTION OF A CONNECTION
### (HEAL THE WORLD, HEAL THE WORLD FOUNDATION, HTWF)
**(Plaintiff Triumph against Defendant HTWF)**

8    78.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 77 of
9  this Complaint as if fully set forth herein.

10    79.    Plaintiffs are likely to be damaged by the continued registration of
11  Defendant HTWF's U.S. Trademark Registration Nos. 3,511,658, 3,515,854,
12  3,564,618, 3,508,540, and 3,508,542 in that beginning in 1992, HEAL THE WORLD,
13  HEAL THE WORLD FOUNDATION, and HTWF have been associated with Mr.
14  Jackson's charity organization, Heal the World Foundation, which he promoted and
15  raised money for throughout the world.

16    80.    Plaintiffs are likely to be damaged by continued registration of these
17  marks in that the prima facie evidentiary effect of such registrations tends to impair
18  Plaintiffs' right to use these terms.

19    81.    Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a), prohibits
20  registration on the Principal Register of a mark that disparages or falsely suggests a
21  connection with persons, living or dead, institutions, beliefs, or national symbols, or
22  which bring them into contempt or disrepute.

23    82.    The marks HEAL THE WORLD, HEAL THE WORLD FOUNDATION,
24  and HTWF falsely suggest a connection with Plaintiffs and have the potential to
25  disparage, bring into contempt or disrepute, the Plaintiffs.

26    83.    The marks HEAL THE WORLD, HEAL THE WORLD FOUNDATION,
27  and HTWF would be recognized as identifying or falsely suggesting a connection with
28  Plaintiffs in that they point uniquely and unmistakably to Plaintiffs.

128,396,011 v5

84.    Defendant intentionally selected the marks HEAL THE WORLD, HEAL THE WORLD FOUNDATION, and HTWF to falsely suggest a connection to Plaintiffs.

85.    Plaintiffs are not connected with Defendant or Defendant's goods or services provided under the marks HEAL THE WORLD, HEAL THE WORLD FOUNDATION, and HTWF.

86.    Plaintiffs have not consented to registration of the marks HEAL THE WORLD, HEAL THE WORLD FOUNDATION, and HTWF.

87.    The fame and reputation of Plaintiffs is such that, when the marks HEAL THE WORLD, HEAL THE WORLD FOUNDATION, and HTWF are used to identify Defendant's goods or services, a connection with Plaintiffs would be presumed.

88.    Plaintiffs are without an adequate remedy at law and if the Defendant's trademark registrations are not cancelled, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

89.    Plaintiffs request that this Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel the registration of Defendant's U.S. Trademark Registration Nos. 3,511,658, 3,515,854, 3,564,618, 3,508,540, and 3,508,542.

## COUNT SIX

## CANCELLATION OF REGISTERED TRADEMARKS (MJ) BASED ON
## FALSE SUGGESTION OF A CONNECTION
### (Plaintiff Triumph against Defendant HTWF)

90.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.    Plaintiffs are likely to be damaged by the continued registration of Defendant's U.S. Trademark Registration No. 3,567,671 in that the initials "MJ" are commonly used to refer to Mr. Jackson.

128,396,011 v5

92.    Plaintiffs are likely to be damaged by continued registration of this mark in that the prima facie evidentiary effect of such registration tends to impair Plaintiffs' right to use this term.

93.    Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a), prohibits registration on the Principal Register of a mark that disparages or falsely suggests a connection with persons, living or dead, institutions, beliefs, or national symbols, or which bring them into contempt or disrepute.

94.    The mark MJ falsely suggests a connection with Plaintiffs and has the potential to disparage, bring into contempt or disrepute, the Plaintiffs.

95.    The mark MJ would be recognized as identifying or falsely suggesting a connection with Plaintiffs in that it points uniquely and unmistakably to Plaintiffs.

96.    Defendant HTWF intentionally selected the mark MJ to falsely suggest a connection to Plaintiffs.

97.    Plaintiffs are not connected with Defendant or Defendant's goods or services provided under the mark MJ.

98.    Plaintiffs have not consented to registration of the mark MJ.

99.    The fame and reputation of Plaintiffs is such that, when the mark MJ is used to identify Defendant's goods or services, a connection with Plaintiffs would be presumed.

100.    Plaintiffs are without an adequate remedy at law and if the Defendant's trademark registration is not cancelled, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

101.    Plaintiffs request that this Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel the registration of Defendant's U.S. Trademark Registration No. 3,567,671.

128,396,011 v5

**COUNT SEVEN**

**VIOLATIONS OF THE ANTI-CYBERSQUATTING**

**CONSUMER PROTECTION ACT**

**(Plaintiff Triumph against Defendant HTWF)**

102.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103.    Defendant HTWF's registration of, use of, and trafficking in the domain names <healtheworld.us>, <healtheworldfoundation.net>, <mjaid.com>, and <mjquotes.com> which are nearly identical, confusingly similar to, and/or incorporate the MJJ Trademarks are likely to cause confusion, mistake or deception as to the source, origin, association or sponsorship of Defendant's goods and services in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), also known as the Anticybersquatting Consumer Protection Act (the "ACPA").

104.    Defendant HTWF has demonstrated a bad faith intent to profit from the use of the MJJ Trademarks, and upon information and belief, has in fact profited from use of Plaintiffs' trademarks.

105.    As a result of the foregoing, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

106.    Pursuant to 15 U.S.C. § 1125(d)(1)(C), the Court should order forfeiture, cancellation or transfer of the <healtheworld.us>, <healtheworldfoundation.net>, <mjaid.com>, and <mjquotes.com> domain names.

WHEREFORE, Plaintiffs demand judgment:

1.    That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently enjoined and restrained:

128,396,011 v5

(a)     from using in any manner the MJJ Trademarks, alone or in combination with any word or words which so resemble the MJJ Trademarks as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not authorized by Plaintiffs and using the MJJ Trademarks;

(b)     from passing off, inducing, or enabling others to sell or pass off any product as a product sponsored by or affiliated with Plaintiffs by using the MJJ Trademarks;

(c)     from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored, approved by, or connected with Plaintiffs;

(d)     from otherwise competing unfairly by using the MJJ Trademarks in any manner; and

(e)     from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory bearing the MJJ Trademarks;

(f)     from using Mr. Jackson's name, image or likenesses without express written authorization from Plaintiffs in any manner, or on products, merchandise, or goods; and

(g)     from using and trafficking in the domain names <healtheworld.us>, <healtheworldfoundation.net>, <mjaid.com >, and <mjquotes.com>.

2.     That Defendants be required upon service of this Complaint to immediately deliver up to Plaintiffs any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing the MJJ Trademarks, or each of them, alone or in combination with any other

23

1 | words, or used in connection with the advertising, offering for sale or sale of products
2 | not authorized by Plaintiffs.

3 |     3.    That Defendants be required upon service of this Complaint to
4 | immediately  supply Plaintiffs with a complete list of entities from whom they
5 | purchased and to whom they distributed and/or sold products falsely bearing the MJJ
6 | Trademarks.

7 |     4.    That Defendants be required upon service of this Complaint to
8 | immediately deliver up for destruction their entire inventory of said products bearing
9 | any of the MJJ Trademarks.

10 |     5.    That Defendants, within thirty (30) days after service of judgment with
11 | notice of entry thereof upon it, be required to file with the Court and serve upon
12 | Plaintiffs a written report under oath setting forth in detail the manner in which
13 | Defendants have complied with the preceding paragraphs.

14 |     6.    That Plaintiffs be awarded reasonable attorneys fees and have such other
15 | and further relief as the Court may deem equitable including, but not limited to, any
16 | relief set forth under Sections 34-39 of the 1946 Trademark Act and/or California Civil
17 | Code Section 3344.1(a).

18 | Dated:  September 29, 2009          GREENBERG TRAURIG, LLP

By: _____
VINCENT H. CHIEFFO
Attorneys for Plaintiffs John G. Branca and John
McClain, Special Administrators of the Estate of
Michael J. Jackson; Triumph International, Inc.

24

128,396,011 v5

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Federal Rule 38(b), Plaintiffs hereby demand a jury trial on all

3  issues so triable that are raised by this Complaint.

4  Dated:  September 29, 2009                    GREENBERG TRAURIG, LLP

5

6                                               By: _____

7                                               VINCENT H. CHEFFO
                                                Attorneys for Plaintiffs John G. Branca and John
8                                               McClain, Special Administrators of the Estate of
                                                Michael J. Jackson; Triumph International, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 7084 MMM (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069)
ChieffoV@gtlaw.com
NINA D. BOYAJIAN (SBN 246415)
BoyajianN@gtlaw.com
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404-5524
Tel: 310-586-7700; Fax: 310-586-7800

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. BRANCA, Special Administrator of the Estate of Michael J. Jackson; JOHN MCCLAIN, Special Administrator of the Estate of Michael J. Jackson; TRIUMPH INTERNATIONAL, INC., a California corporation, <br><br> PLAINTIFF(S) <br><br> V. <br><br> HEAL THE WORLD FOUNDATION, a California corporation; UNITED FLEET, a California corporation; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV09 07084** MMM PLAx <br><br><br><br> **SUMMONS** |

TO:DEFENDANT(S): <u>HEAL THE WORLD FOUNDATION; and UNITED FLEET</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>VINCENT H. CHIEFFO and NINA D. BOYAJIAN</u>, whose address is <u>GREENBERG TRAURIG, LLP 2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404-5524; Tel: 310-586-7700</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  SEP 2 9 2009      By:  **CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)      SUMMONS

American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOHN G. BRANCA, Special Administrator of the Estate of Michael J. Jackson; JOHN MCCLAIN, Special Administrator of the Estate of Michael J. Jackson; TRIUMPH INTERNATIONAL, INC., a California corporation

**DEFENDANTS**
HEAL THE WORLD FOUNDATION, a California corporation; UNITED FLEET, a California corporation; and DOES 1-10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GREENBERG TRAURIG, LLP
VINCENT H. CHIEFFO (SBN 49069) ChieffoV@gtlaw.com
NINA D. BOYAJIAN (SBN 246415) BoyajianN@gtlaw.com
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404-5524
Tel: 310-586-7700; Fax: 310-586-7800

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1114 and 1125

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV09 07084

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Vincent H. Chieffo_    Date September 29, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com